WALTER M. LUERS
Law Office of Walter M. Luers, LLC
23 W. Main Street, Suite C202
Clinton, New Jersey 08809
(908) 894-5656

F. Michael Daily, Jr.
F. MICHAEL DAILY, LLC
216 Haddon Avenue, # 106
Westmont, New Jersey 08108
(856) 833-0006

Attorneys for the Plaintiff Tina Renna
PARTICIPATING ATTORNEYS FOR
THE RUTHERFORD INSTITUTE

### THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TINA RENNA,** | |
| **Plaintiff,** | |
| vs. | **DECLARATION OF DOUGLAS R. McKUSICK IN IN SUPPORT OF MOTION FOR COUNSEL FEES, L. CIV. R. 54.2** |
| **THE COUNTY OF UNION, NEW JERSEY,** | |
| **Defendant.** | |

I, Douglas R. McKusick, make the following Declaration in support of the Plaintiff's Motion for Counsel Fees under Fed. R. Civ. P. 54(d) and L. Civ. R. 54.2.

1. I am over the age of eighteen years old and I have never been adjudged incompetent for any reason. I have personal knowledge of the facts set forth in this Declaration.

2. I am an attorney licensed to practice law in the District of Columbia since 1984 and to practice law in the Commonwealth of Virginia since 2006. I am also admitted to practice before the United States District Court for the Western District of Virginia and the United States Court of Appeals for the Fourth Circuit. I received my Juris Doctor from Syracuse University College of Law in May 1984 and a Bachelor of Arts degree from Michigan State University in June 1981.

3. Since September 2004 I have been employed as Staff Attorney with The Rutherford Institute, a nonprofit corporation providing pro bono legal assistance on civil liberties matters. My practice for The Rutherford Institute involves almost exclusively civil rights cases and constitutional law, particularly cases involving First Amendment rights. I have been and presently am involved in numerous cases bringing claims under 42 U.S.C. § 1983 and have developed particular expertise in civil rights, constitutional law and civil rights litigation. From 1985 through 2004, I was employed as an attorney with the National Legal Research Group in Charlottesville, Virginia, where I developed specialties in constitutional law, civil rights,

federal practice, and criminal law. In the 29 years I have worked as an attorney, I have been involved in numerous civil rights cases filed in federal courts throughout the country.

4. In January 2011, The Rutherford Institute was contacted by the Plaintiff, Tina Renna, concerning demands made that she cease using the seal of the Defendant County of Union, New Jersey, in connection with the production and broadcast of her news and information television show "Union County Citizen's Forum."

5. After communicating with the Plaintiff and conducting other investigation and research, The Rutherford Institute decided to provide the Plaintiff with legal representation and assistance in asserting her legal rights against the appropriate parties and entities.

6. In the course of providing legal representation and services in this action, I kept contemporaneous records of the time I expended on particular tasks related to that representation and those services.

7. The following chart sets forth the details of those contemporaneous records:

| DATE | SERVICES PERFORMED | BEGIN TIME | END TIME | MINS. |
|---|---|---|---|---|
| 5/12/2011 | Research for Complaint | 8:45 | 8:55 | 10 |
| 5/12/2011 | Preparation of Complaint | 11:00 | 11:35 | 35 |

| | | | | |
|---|---|---|---|---|
| 5/12/2011 | Preparation of Complaint | 12:40 | 3:00 | 140 |
| 5/16/2011 | Preparation of Complaint | 9:05 | 9:20 | 15 |
| 5/16/2011 | Telephone Call to T. Renna re: Facts | 1:40 | 1:50 | 10 |
| 5/16/2011 | Preparation of Complaint | 1:50 | 2:10 | 20 |
| 9/11/2013 | Preparation of Summary Judgment Motion | 10:35 | 11:50 | 75 |
| 9/12/2013 | Telephone Call to Tina Renna | 1:00 | 1:20 | 20 |
| 9/26/2013 | Review of Discovery Materials | 9:05 | 10:35 | 90 |
| 9/26/2013 | Review of Discovery Materials | 10:50 | 11:35 | 45 |
| 9/27/2013 | Preparation of Affidavits | 9:00 | 10:10 | 70 |
| 9/27/2013 | Preparation of Affidavits | 10:30 | 10:35 | 5 |
| 9/27/2013 | Telephone Call to Tina Renna | 10:40 | 10:50 | 10 |
| 9/272013 | Preparation of Undisputed Facts Statement | 10:55 | 11:20 | 25 |
| 9/27/2013 | Preparation of Undisputed Facts Statement | 1:00 | 2:10 | 70 |
| 9/30/2013 | Preparation of Summary Judgment Memo | 10:05 | 11:30 | 85 |
| 9/30/2013 | Preparation of Summary Judgment Memo | 1:30 | 3:00 | 90 |
| 9/30/2013 | Preparation of Summary Judgment Memo | 3:20 | 4:05 | 45 |
| 9/30/2013 | Preparation of Summary Judgment Memo | 4:15 | 4:45 | 30 |
| 10/1/2013 | Preparation of Summary Judgment Memo | 10:30 | 11:30 | 60 |
| 10/1/2013 | Preparation of E-mail to Davenport | 1:30 | 1:35 | 5 |

| 10/1/2013 | Preparation of Summary Judgment Memo | 2:05 | 2:40 | 35 |
| 10/2/2013 | Preparation / Summary Judgment Memo | 10:00 | 11:30 | 90 |
| 10/2/2013 | Preparation / Summary Judgment Memo | 1:05 | 2:25 | 80 |
| 10/2/2013 | Preparation / Summary Judgment Memo | 2:50 | 4:00 | 70 |
| 10/3/2013 | Preparation / Summary Judgment Memo | 8:50 | 9:30 | 40 |
| 10/3/2013 | Preparation / E-mail to M. Daily | 9:40 | 9:45 | 5 |
| 10/3/2013 | Preparation / Undisputed Fact Statement | 10:00 | 11:35 | 95 |
| 10/7/2013 | Preparation / Renna Declaration | 1:15 | 1:25 | 10 |
| 10/7/2013 | Preparation / Undisputed Fact Statement & Exhibits | 2:10 | 3:30 | 80 |
| 10/7/2013 | Preparation / Undisputed Fact Statement & Exhibits | 3:55 | 5:00 | 65 |
| 10/8/2013 | Preparation / Undisputed Fact Statement & Exhibits | 9:35 | 10:40 | 65 |
| 10/8/2013 | Preparation / Renna Declaration | 10:45 | 10:50 | 5 |
| 10/8/2013 | Preparation / E-mail to Renna | 10:50 | 10:55 | 5 |
| 10/8/2013 | Preparations / Undisputed Fact Statement & Exhibits | 3:30 | 4:00 | 30 |
| 10/8/2013 | Preparation / Summary Judgment Memo | 4:00 | 5:00 | 60 |
| 10/8/2013 | Preparation / Renna Declaration | 5:10 | 5:15 | 5 |
| 10/9/2013 | Preparation / Summary Judgment Motion | 8:40 | 9:00 | 20 |
| 10/9/2010 | Preparation / Summary Judgment Motion | 9:20 | 9:50 | 30 |
| 10/15/2013 | Review / Defendant's Summary Judgment Motion | 8:30 | 9:30 | 60 |

| Date | Description | Start | End | Minutes |
|---|---|---|---|---|
| 10/21/2013 | Review / Opposition to Defendants' Summary Judgment Motion | 12:45 | 1:15 | 30 |
| 10/25/2013 | Preparation / Reply on Plaintiff's Summary Judgment Motion | 9:25 | 10:10 | 45 |
| 5/30/2014 | Review / Summary Judgment Opinion | 12:30 | 1:00 | 30 |
| 5/30/2014 | Legal Research / Attorneys' Fees | 1:10 | 3:50 | 160 |
| 5/30/2014 | Legal Research / Attorneys' Fees | 4:10 | 4:30 | 20 |
| 6/2/2014 | Preparation / Memo on Attorneys' Fees | 9:00 | 10:05 | 65 |
| 6/2/2014 | Preparation / Memo on Attorneys' Fees | 10:45 | 11:15 | 30 |
| 6/11/2014 | Preparation / Affidavit in Support of Counsel Fees Motion | 9:00 | 9:50 | 50 |
| 6/11/2014 | Preparation / Affidavit in Support of Counsel Fees Motion | 1:20 | 1:40 | 20 |
| 6/12/2014 | Preparation / Motion for Counsel Fees | 1:15 | 2:00 | 45 |
| 6/12/2014 | Preparation / Brief in Support of Motion for Counsel Fees | 2:00 | 2:30 | 30 |
| 6/12/2014 | Preparation / Brief in Support of Motion for Counsel Fees | 3:00 | 4:15 | 75 |
| 6/17/2014 | Preparation / Brief in Support of Motion for Counsel Fees | 9:00 | 10:25 | 85 |
| 6/17/2014 | Preparation / Brief in Support of Motion for Counsel Fees | 1:05 | 2:00 | 55 |
| 6/17/2014 | Preparation / Brief in Support of Motion for Counsel Fees | 2:05 | 2:50 | 45 |
| 6/17/2014 | Preparation / Brief in Support of Motion for Counsel Fees | 3:15 | 3:50 | 35 |
| 6/18/2014 | Preparation / Brief in Support of Motion for Counsel Fees | 9:35 | 9:55 | 20 |
| 6/18/2014 | Preparation / Brief in Support of Motion for Counsel Fees | 10:00 | 10:55 | 55 |

| 6/18/2014 | Preparation / E-mail to Daily and Luers | 10:55 | 11:00 | 5 |
| 6/18/2014 | Preparation / Affidavit in Support of Motion for Counsel Fees | 1:25 | 2:00 | 35 |
| 6/19/2014 | Preparation / Affidavit in Support of Motion for Counsel Fees | 1:15 | 1:45 | 30 |

8. My records show that a total of 2,770 minutes, or 46.1 hours, were expended by myself on attorney services in connection with this case. All of this time was reasonably expended and necessary in connection with the representation of the Plaintiff in this action.

9. The Rutherford Institute is a nonprofit corporation the mission of which is to provide the pro bono legal assistance to persons throughout the United States whose civil liberties have been violated or threatened and to educate the public about individual rights under the constitutions and laws of the United States.

10. All legal representation provided by The Rutherford Institute and myself is provided pro bono and without charge to the individual.

11. Under established case law, attorneys' fees may be awarded under statutes providing for an award of attorneys' fees in civil rights actions even though the attorneys provide the services pro bono and the client is under no obligation to pay the legal services provider for attorney services.

*Blum v. Stenson*, 465 U.S. 886, 894-95 (1984); *Bills v. Hodges*, 628 F.2d 844, 847 (4th Cir. 1980).

12. The Plaintiff in this case did not suffer significant monetary or pecuniary damages, but did suffer a loss of First Amendment rights, which courts have established constitutes irreparable harm. Plaintiff sought a declaration that her use of the Seal of the County of Union did not constitute trademark infringement and was protected by the First Amendment. Consequently, she prevailed in obtaining all of the results for which they petitioned in this case.

13. The issues raised in this case were particularly novel and difficult. The protection afforded governmental entities with respect to the display of their seals and other insignia vis-a-vis the First Amendment rights of those who wish to display the seal or insignia is unsettled and requires a detailed understanding of federal law, constitutional law, and civil rights jurisprudence. The substantive First Amendment issues were also difficult and novel and were not resolvable by any on-point precedent. Due to my extensive experience and understanding of these issues, counsel for the Plaintiff was able to secure a favorable judgment on behalf of the Plaintiff.

14. Neither I nor The Rutherford Institute accept fees from the clients we represent and to whom we provide legal services. We agree to

represent a client on the basis of the merits of the client's claim and the interest in protecting the rights and liberties of the client and other members of the public who are similarly situated. The ability to recover the reasonable value of our legal services under fee shifting statutes such as 42 U.S.C. § 1988 allows The Rutherford Institute to provide these pro bono legal services to the public.

15. I provided legal advice and representation to the Plaintiffs in this case and also assisted in securing the services of F. Michael Daily and Walter M. Luers to enter appearances and represent the Plaintiff in this case. My association with the Plaintiff began in January 2011 as set forth in ¶ 4 above.

16. Although I attempted to resolve the matter on behalf of and for the benefit of the Plaintiff by contacting the Defendant and its legal representatives by correspondence, the communications with Defendant's counsel were not successful. Consequently, the Plaintiff was prevented from engaging in protected expression for a substantial period of time between April 2011 and when this Court issued the judgment in favor of the Plaintiff on May 29, 2014.

17. The Rutherford Institute and I agreed to represent the Plaintiff even though most attorneys would not agree to do so. The Plaintiff did not

have the resources available to pay an attorney on a fee basis. My experience is that it is difficult to obtain the services of an attorney to assist in a pro bono matter where, as in this case, the prospects of a significant contingency fee award are not available. It is even more difficult when the case involves novel questions of constitutional law and federal law like the instant case.

18. As evidence of the prevailing market rate of $375.00 per hour for attorney services in Charlottesville, Virginia, I rely on the declaration of Steven D. Rosenfield, submitted in connection with the motion for counsel fees.

19. The total fees requested under 42 U.S.C. § 1988(b) and 15 U.S.C. § 1117(a) for my attorney services in representing the Plaintiff in this case is $17,287.50.

20. The Rutherford Institute also paid the $450.00 filing fee for this action and requests that this be included in the costs awarded by the Court.

I declare under penalty of perjury that forgoing is true and correct. Executed on June 26, 2014.

_____
Douglas R. McKusick