WALTER M. LUERS
Law Office of Walter M. Luers, LLC
23 W. Main Street, Suite C202
Clinton, NJ 08809
(908) 894-5656

F. MICHAEL DAILY, JR.
Sentry Office Plaza
216 Haddon Ave., Suite 100
Westmont, NJ 08108
(856) 833-0006

Attorneys for Plaintiff Tina Renna
Participating Attorneys for
THE RUTHERFORD INSTITUTE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|   |   |
|---|---|
| **TINA RENNA,** | Civil Action No. 11-3328 (KM)(MAH) |
| *Plaintiff*, |   |
|   | **BRIEF IN SUPPORT OF** |
| -vs- | **PLAINTIFF'S MOTION FOR** |
|   | **COUNSEL FEES** |
| **THE COUNTY OF UNION,** | FED. R. CIV. P. 54(d), |
| **NEW JERSEY** | L. CIV. R. 54.2 |
| *Defendant.* |   |
|   | Motion Returnable July 21, 2014 |

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................. ii

**INTRODUCTION** ....................................................................................... 1

**ARGUMENT** .............................................................................................. 1

    **I. THE PLAINTIFF IS ENTITLED TO AN AWARD OF ATTORNEYS FEES UNDER FEDERAL TRADEMARK LAW** ........ 1

    **II. THE PLAINTIFF IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES UNDER THE FEDERAL CIVIL RIGHTS FEES STATUTE** ............................................................................... 6

**CONCLUSION** ....................................................................................... 10

**CERTIFICATE OF SERVICE** .................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Ferrero U.S.A., Inc. v. Ozak Trading, Inc.,* 952 F.2d 44 (3d Cir.1991).................. 3

*Hagans v. Levine*, 415 U.S. 528 (1974)............................................................ 7, 9

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ..................................................... 9, 10

*interState Net Bank v. NetB@nk, Inc.*, 221 F. Supp. 2d 513 (D.N.J. 2002)........ 2, 3

*J & J Snack Foods Corp. v. Earthgrains Co.*, 2003 WL 21051711 (D.N.J. May 9, 2003) ....................................................................................................... 3

*Lefemine v. Wideman*, 133 S. Ct. 9 (2012) ............................................................ 9

*Lund v. Affleck*, 587 F.2d 75 (1st Cir. 1978).......................................................... 8

*Luria Brothers & Co., Inc. v. Allen*, 672 F.2d 347 (3d Cir. 1982) ........................ 7

*McKenna v. City of Philadelphia*, 582 F.3d 447 (3d Cir. 2009).......................... 10

*Planned Parenthood of Houston and Southeast Texas v. Sanchez*, 480 F.3d 734 (5th Cir. 2007)............................................................................................. 8

*Recouvreur v. Carreon*, 940 F. Supp. 2d 1063 (N.D. Cal. 2013).......................... 2

*Rogers Group, Inc. v. City of Fayetteville, Ark.*, 683 F.3d 903 (8th Cir. 2012)....... 8

**Statutes**

15 U.S.C. § 1052(b) ............................................................................................... 4

17 U.S.C. § 1117(a) .....................................................................................1, 2, 10

42 U.S.C. § 1983.............................................................................................6, 7, 8

42 U.S.C. § 1988...........................................................................................passim

N.J. Stat. Ann. § 52:2-4......................................................................................... 5

N.J. Stat. Ann. § 56:3-13.2(c) ............................................................................4, 5

**Other Authorities**

H.R.Rep.No. 94-1558, 94th Cong., 2d Sess. 4 (1976) ........................................... 7

## INTRODUCTION

On May 29, 2014, this Court entered an Opinion (Doc. 32) and accompanying final Order and Judgment (Doc. 33) granting the Plaintiff Tina Renna summary judgment on her claim for declaratory relief that (1) the Defendant County of Union, New Jersey, has no trademark or service mark protection with respect to the Seal of the County of Union, New Jersey, and (2) that the Plaintiff's display of the Seal in connection with her news and information television show does not constitute trademark or service mark infringement. As the unquestioned prevailing party in this action who has received tangible relief on the merits, the Plaintiff is entitled to an award of reasonable attorneys fees. Such an award is authorized under either 17 U.S.C. § 1117(a) or 42 U.S.C. § 1988, and is supported by the declarations of counsel submitted in connection with this motion.

## ARGUMENT

**I.   THE PLAINTIFF IS ENTITLED TO AN AWARD OF ATTORNEYS FEES UNDER FEDERAL TRADEMARK LAW**

A federal statute relating to actions involving trademark claims authorizes a court to award attorneys' fees. Specifically, 15 U.S.C. § 1117(a) provides in pertinent part that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." Although § 1117(a)'s initial provisions relate to actions by registrants for infringement by the defendant, it is established that the

1

provision of the statute allowing for attorney fees to "the prevailing party" applies to cases seeking a declaration that a particular use does not constitute infringement. In *Recouvreur v. Carreon*, 940 F. Supp. 2d 1063 (N.D. Cal. 2013), the court granted attorney fees under § 1117(a) to a plaintiff who brought a successful declaratory judgment action after the defendant alleged the plaintiff was infringing on the defendant's trademark and threatened litigation. The court rejected the defendant's argument that § 1117(a) only applies to actions by a person seeking to protect interests in a trademark and ruled that it allows fees to a prevailing party in an action seeking only declaratory or injunctive relief under the Declaratory Judgment Act. *Recouvreur*, 940 F. Supp. 2d at 1067.

    That attorney fees are allowed to a plaintiff seeking a declaratory judgment of non-infringement also is supported by the decision in *interState Net Bank v. NetB@nk, Inc.*, 221 F. Supp. 2d 513 (D.N.J. 2002), where the plaintiff sought a declaration that its use of the term NetBank did not constitute infringement. After finding in favor of the plaintiff, the court considered the plaintiff's request for attorneys' fees under § 1117(a). Although the court did not grant the plaintiff's request because it did not find that this was an "exceptional case," neither did the court indicate that the plaintiff was ineligible for attorneys' fees because it was not seeking to protect a subsisting trademark. *interState Net Bank*, 221 F. Supp. 2d at 527. In a later decision in the same case rejecting counterclaims brought by the

defendant, the court ruled that "[f]ees are available [under § 1117(a)] not only for the prevailing trademark owner, but also for an accused infringer who successfully defeats the infringement claims." *interState Net Bank v. NetB@nk, Inc.*, 348 F. Supp. 2d 340, 357 (D.N.J. 2004). Thus, attorneys' fees are recoverable under § 1117(a) by a plaintiff, such as Renna, who prevailed on a claim seeking a declaration of non-infringement.

This is also an "exceptional case" warranting an award of attorneys' fees to the Plaintiff. "When the prevailing party is the plaintiff, federal courts, including the Third Circuit, have consistently held that 'a district court must make a finding of culpable conduct on the part of the losing party, such as bad faith, fraud, malice, or knowing infringement, before a case qualifies as exceptional.'" *J & J Snack Foods Corp. v. Earthgrains Co.*, 2003 WL 21051711, at *3 (D.N.J. May 9, 2003) (quoting *Ferrero U.S.A., Inc. v. Ozak Trading, Inc.,* 952 F.2d 44, 47 (3d Cir.1991)). The court should consider the objective merits of the non-prevailing party's claims (whether unjustified, groundless or frivolous) and the subjective conduct throughout the litigation. Bad faith is not essential, but it is an appropriate factor to consider. *interState Net Bank*, 348 F. Supp. 2d at 357 (citing *J & J Snack Foods Corp.*, 2003 WL 21051711, at *3).

Under this standard, this case is an exceptional one in light of the Defendant's groundless and unjustified claim that it had a trademark interest in the

3

Seal of the County of Union and that the Plaintiff's use constituted infringement. As this Court's opinion pointed out, in October 2010, the Defendant received a decision from the United States Patent and Trademark Office denying its application to register the Seal as a trademark. The decision informed the Defendant that "registration was 'refused because the applied-for mark consists of an insignia of a U.S. municipality.' The USPTO cited 15 U.S.C. § 1052(b) as an 'absolute bar' to registration on the Principal and Supplemental Registers. Pl. SUMF ¶ 19, Exhibit 2." (Doc. 32, p. 6). Thereafter, the Plaintiff, through counsel, requested that the Defendant withdraw and renounce its assertion that Plaintiff's display of the Seal constituted infringement, citing the precise statutory provision relied upon by the USPTO, as well as a comparable New Jersey statute, N.J. Stat. Ann. § 56:3-13.2(c), barring the registration of the insignias of governmental entities. Counsel's letter to the Defendant cited additional reasons, such as the lack of commercial use by the Plaintiff and the affirmative protection of the First Amendment, why the Defendant's assertion of protection and infringement were unfounded (Doc. 1-1, p. 5).

Nonetheless, the Defendant continued its assertion that the Seal was protected by trademark law in a response to Plaintiff's counsel's letter, despite the fact that the USPTO had previously rejected the Defendant's registration application and informed the Defendant that registration of the Seal was barred by

4

15 U.S.C. § 1052(b). Indeed, the Defendant went so far in its April 2011 response letter to the Plaintiff to assert that "this Seal is in fact now trademarked." (Doc. 1-1, p. 8). As this Court wrote:

> This statement carried the misleading implication that some intervening event had solidified the trademark status of the Seal. In fact, the opposite was the case; in the interim, the USPTO had categorically rejected the County's registration application as a matter of law. . . . At oral argument, counsel for the County . . . had no explanation for this statement and, to his credit, did not attempt to justify it.

(Doc. 32, p. 11). The Court went on to point out that the April 2011 letter contained the additional misleading assertions (1) that N.J. Stat. Ann. § 56:3-13.2(c) prohibited Plaintiff and others from registering the seal and (2) that display of the Seal was a crime under N.J. Stat. Ann. § 52:2-4 (Doc. 32, pp. 11-12). The Defendant continued to assert protection for the seal up to and through summary judgment.

The Defendant's continuing assertion of trademark protection for the Seal and that the Plaintiff would commit infringement by displaying it in the face of clear authority to the contrary demonstrates that the County's position throughout this matter has been unjustified and groundless, if not exhibiting bad faith. The Defendant was aware long before the Plaintiff requested withdrawal of its claim of infringement that its Seal was not protected and that Plaintiff's use did not constitute infringement. Yet the Defendant continued to assert that Plaintiff could

5

not exercise her First Amendment rights by displaying the Seal. Here, the Defendant was certainly guilty of culpable conduct, making this an exceptional case for purposes of the Lanham Act's attorneys' fees provision and the Plaintiff is entitled to an award of reasonable attorneys' fees.

## II. THE PLAINTIFF IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES UNDER THE FEDERAL CIVIL RIGHTS FEES STATUTE

The Plaintiff also sought relief against the Defendant under 42 U.S.C. § 1983, alleging that the conduct of the Defendant deprived her of her First Amendment rights. (Doc. 1, ¶¶ 3, 23-24, 27-28). Significantly, this Court's opinion granting the Plaintiff summary judgment found that the Plaintiff raised cogent First Amendment claims here and that her use of the Seal in connection with news and information reporting was clearly constitutionally-protected speech. (Doc. 32, pp. 17-18). However, the claim alleging a constitutional deprivation did not need to be decided or reached by the Court because the trademark issues were dispositive and sufficient to warrant the declaratory relief the Plaintiff sought. (Doc. 32, p. 17).

But even though the Court did not reach the claim for deprivation of First Amendment rights under 42 U.S.C. § 1983, the Plaintiff is nonetheless entitled to an award under the federal statute, 42 U.S.C. § 1988(b), allowing recovery of attorneys' fees by a prevailing plaintiff in an action to enforce the civil rights laws.

6

That statute provides that "[i]n any action or proceeding to enforce a provision of . . ., 1983, . . ., of this title,. . ., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]" *Id*. Significantly, this statute does not provide that fees are allowed only when the party prevails on the § 1983 claim, but instead allows feed to the prevailing party in an action or proceeding to enforce that statute.

Thus, controlling precedent has held that, even absent judgment for the prevailing party on a § 1983 claim, recovery under § 1988 is permitted if that party successfully asserts another claim arising out of a common nucleus of operative facts. *Luria Brothers & Co., Inc. v. Allen*, 672 F.2d 347, 357 (3d Cir. 1982). In *Luria*, the court quoted from a provision of a Congressional report accompanying the enactment of § 1988:

> In some instances, however, the claim with fees may involve a constitutional question which the courts are reluctant to resolve if the non-constitutional claim is dispositive. *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). In such cases, if the claim for which fees may be awarded meets the "substantiality" test, *see Hagans v. Lavine, supra*; *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), attorney's fees may be allowed even though the court declines to enter judgment for the plaintiff on that claim, so long as the plaintiff prevails on the non-fee claim arising out of a "common nucleus of operative fact." *United Mine Workers v. Gibbs, supra*, at 725, 86 S.Ct. 1130.

*Luria*, 672 F.2d at 357 (quoting H.R.Rep.No. 94-1558, 94th Cong., 2d Sess. 4 n.7 (1976)).

7

The House Report addresses precisely the situation in the instant case. The Plaintiff received the relief she sought as a result of the Court's ruling on a dispositive, non-constitutional claim and the Court declined to address the constitutional claim because it was not necessary to do so. (Doc. 32, p. 17). Under these circumstances, numerous courts have held that the plaintiff is a "prevailing party" for purposes of 42 U.S.C. § 1988(b) and is entitled to an award of attorneys' fees. *See Lund v. Affleck*, 587 F.2d 75, 76-77 (1st Cir. 1978) (plaintiff entitled to award of attorneys' fees where the undecided § 1983 claim was substantial and arose from the same nucleus of operative facts as the dispositive statutory claim) and *Rogers Group, Inc. v. City of Fayetteville, Ark.*, 683 F.3d 903, 912-13 (8th Cir. 2012) (same). The instant case is unlike *Luria*, where the court determined that the plaintiff was not a "prevailing party" because judgment had been entered against the plaintiff on its § 1983 claim. Here, the constitutional question was not decided and the Plaintiff did prevail on a related claim and so she can be considered a prevailing party for purposes of § 1988.

As pointed out above, fees can be recovered if the Plaintiff's § 1983 claim meets the test of "substantiality." Recent cases hold that this test is satisfied if 1) the § 1983 claim of constitutional deprivation was substantial; and 2) the successful pendent claim arose out of a common nucleus of operative facts. *Rogers Group, Inc.*, 683 F.3d at 912 (citing *Planned Parenthood of Houston and*

8

*Southeast Texas v. Sanchez*, 480 F.3d 734, 739 (5th Cir. 2007)). The substantiality test is jurisdictional in nature, looking to whether the court would have had jurisdiction over the § 1983 claim independent of the case-dispositive claim. It is satisfied as long as the allegations of the complaint are neither frivolous nor so insubstantial as to be beyond the jurisdiction of the court. *Hagans v. Levine*, 415 U.S. 528, 539 (1974). This Court's ruling that the Plaintiff "cogently contends that the County's assertion of trademark rights gives rise to a substantial First Amendment issue" (Doc. 32, p. 17) makes clear that the substantiality test is satisfied here.

It also cannot be doubted that the First Amendment claim arises from a common nucleus of operative facts as the trademark claim. The same facts that gave rise to the request for a declaration regarding the Defendant's trademark rights gave rise to the Plaintiff's claim of a constitutional deprivation. Therefore, this is a case where attorneys' fees are recoverable under 42 U.S.C. § 1988(b) even though consideration of the constitutional claim was preempted by the decision on the trademark claim.

The Plaintiff otherwise qualifies for an award of attorneys' fees here. A plaintiff "prevails" under 42 U.S.C. § 1988(b) when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff. A declaratory

9

judgment satisfies this test. *Lefemine v. Wideman*, 133 S. Ct. 9, 11 (2012). A prevailing party "'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Id.* (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983)).

"The starting point for determining the amount of a reasonable fee is the lodestar, which courts determine by calculating the 'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *McKenna v. City of Philadelphia*, 582 F.3d 447, 455 (3d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Once the fee petitioner submits evidence supporting the hours worked and the rates claimed, the party opposing the fee application has the burden to challenge the reasonableness of the requested fee. *McKenna*, 582 F.3d at 459. The Plaintiff has submitted proper declarations establishing her attorneys' work in successfully defending and asserting her right to freedom of expression and the relevant billing rate for that work. Therefore a prima facie case for recovery of a fee of $42,197.50 in attorneys' fees and $550.65 in costs has been established here.

## CONCLUSION

Wherefore, the Plaintiff respectfully requests that the court order that the Defendant pay to the Plaintiff and/or her attorneys the amount of

10

$42,197.50 as reasonable attorneys' fees and $550.65 in costs recoverable under 15 U.S.C. § 1117(a) and 42 U.S.C. § 1988(b).

Respectfully submitted,

 /s Walter M. Luers
WALTER M. LUERS
Law Office of Walter M. Luers, LLC
23 W. Main Street, Suite C203
Clinton, NJ  08809
(908) 894-5656

F. MICHAEL DAILY, JR.
Sentry Office Plaza
216 Haddon Ave., Suite 100
Westmont, NJ  08108
(856) 833-0006

Attorneys for the Plaintiff Tina Renna

Participating Attorneys for
THE RUTHERFORD INSTITUTE

11

WALTER M. LUERS
Law Office of Walter M. Luers, LLC
23 W. Main Street, Suite C203
Clinton, NJ  08809
(908) 894-5656

F. MICHAEL DAILY, JR.
Sentry Office Plaza
216 Haddon Ave., Suite 100
Westmont, NJ  08108
(856) 833-0006
Attorneys for Plaintiff Tina Renna

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **TINA RENNA,**  *Plaintiff*, | : C!"#$ A%&#'( N'. 11-3328 (WJM) : : |
| -vs- | : **CERTIFICATE OF SERVICE** : |
| **THE COUNTY OF UNION, NEW JERSEY,**  *Defendant.* | : : : : |

The undersigned hereby certifies that on June 26, 2014, a true copy of

the Brief in Support of Plaintiff's Motion for Counsel Fees was served upon

Defendant's counsel of record by operation of the Court's CM/ECF system.

Law Offices of Walter M. Luers, LLC

By: _____/s Walter M. Luers_____

Dated:        June 26, 2014

12