UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TINA RENNA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE COUNTY OF UNION, NEW JERSEY,<br><br>　　　　Defendant. | Civ. No. 2:11-3328 (KM)(MAH)<br><br>OPINION |

　　The plaintiff, Tina Renna, who prevailed in a trademark declaratory judgment action, seeks an award of attorneys' fees from the defendant, the County of Union, New Jersey. Renna brought suit against Union County seeking a declaratory judgment that her use of the county seal on her local-access television program did not violate trademark law. She also alleged that the County's assertion of trademark rights against her would constitute a First Amendment violation. In a prior opinion, I granted summary judgment for Renna. (Dkt. No. 32) Familiarity with that opinion is assumed.

　　Renna seeks attorneys' fees under both the Lanham Act and the Civil Rights Act. United States Magistrate Judge Michael A. Hammer issued a Report and Recommendation awarding attorneys' fees to Renna under the Lanham Act, but reduced the dollar amount requested. Judge Hammer found that this matter qualified as an "exceptional case" under the Lanham Act in that there was an unusually large discrepancy between the strengths of the arguments of the prevailing and losing parties. Both Renna and the County filed objections to Judge Hammer's Report and Recommendation. I will adopt Judge Hammer's Report and Recommendation with respect to the award of fees under the Lanham Act.

1

## Facts & Procedural Background

Renna hosts a public access television program called "Union County Citizen's Forum." (Opinion,[1] 1). The show displays an on-air a graphic illustration depicting the Seal of the County of Union with a spotlight shining on it. The illustration is meant to portray the show as casting a critical light on the workings of the Union County Board of Chosen Freeholders. (Opinion, 1) Union County issued Renna two cease and desist letters asserting that her use of the Seal violated federal and state trademark law. (*Id.* at 6, 7) The local television station then refused to run Renna's show unless she signed an agreement of indemnity.

Renna brought suit in this Court seeking a declaratory judgment that the County had no trademark rights in the seal, and that her use of the seal did not violated trademark law. Renna also alleged that the County's assertion of trademark rights against her would violate her First Amendment rights. (Opinion, 2) At the summary judgment stage, I ruled that the Seal was not eligible for trademark protection, and that Renna's use of the seal did not violate trademark law. (Opinion, 15) Those findings rendered the First Amendment issue moot; I therefore did not rule on it. (*Id.* at 19)

Renna filed a motion for attorneys' fees. She argued that she was entitled to attorneys' fees under both trademark law and civil rights laws, 15 U.S.C. § 1117(a) and 42 U.S.C. § 1988. (Dkt. No. 34) The County opposed the motion. United States Magistrate Judge Michael A Hammer issued a Report and Recommendation to the effect that Renna should recover fees under the Lanham Act. The Lanham Act provides that a prevailing party may recover

---

[1] Citations to the record will be abbreviated as follows:

"County Obj." – Memorandum in Support of Defendant's Objection to Magistrate's Report and Recommendation, Dkt. No. 41.
"Opinion" – Opinion dated May 29, 2014, Dkt. No. 32.
"Renna Obj." – Plaintiff's Objection to Magistrate's Report and Recommendation on Counsel Fees, Dkt. No. 32.
"R&R" – Report and Recommendation dated January 6, 2015, Dkt. No. 40.

attorneys' fees from the other side "in exceptional cases." 15 U.S.C. § 1117(a). Pursuant to the Third Circuit's decision in *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 314 (3d Cir. 2014), Judge Hammer explained that a case is "exceptional" where either: 1) "There is an unusual discrepancy in the merits of the positions taken by the parties," or 2) "the losing party has litigated the case in an unreasonable manner." (R&R, 12, citing *Fair Wind*, 764 F.3d at 315)

Judge Hammer found that there was an unusual discrepancy in the merits of the positions taken by the County and Renna. The County, Judge Hammer said, had asserted trademark rights that it knew, or should have known, did not exist. (R&R, 14). It had relied on federal and state trademark law, neither of which provide trademark protection to the "insignia" of a municipality. (*Id.* at 15) Attorneys' fees, he therefore found, were appropriate.

Judge Hammer found that the hourly rates that plaintiff's counsel requested were reasonable. (*R&R,* 17–18) He likewise found the time counsel spent preparing the complaint and the summary judgment motion to be reasonable. (*Id.* at 18–19) He found, however, that the time that counsel expended in preparing its attorneys' fee motion was unreasonably high. (*Id.* at 20–22) He recommended that plaintiff's counsel be awarded just over one-half of the fee they requested for the preparation of the motion for attorneys' fees. (*Id.* at 21–22)

Judge Hammer held that fees were not appropriate under the fee-shifting provision of the Civil Rights Act, because Renna did not prevail on her constitutional claims. 42 U.S.C. § 1988. (R&R, 10–11)

In total, plaintiff's counsel had requested fees of $45,295 and costs of $550.65. (R&R, 5) Judge Hammer recommended that I award counsel fees of $39,535 and costs of $550.65.

The County and Renna have each filed an objection to Judge Hammer's Report and Recommendation. The County argues that this case is not exceptional, and that therefore attorneys' fees are not appropriate. (County Obj., 2) Renna does not challenge Judge Hammer's rulings with respect to the

3

Lanham Act (including his recommendation to reduce the fee award). Renna asserts what amounts to a backstop argument: that if I deny attorneys' fees under the Lanham Act, I should nonetheless find that they are available under the Civil Rights Act. (Renna Obj., 2)

**Discussion**

    **I.    Attorneys' fees under the Lanham Act**

I review this Report and Recommendation *de novo*. With respect to the fee-shifting provision of the Lanham Act, I agree with Judge Hammer's well-reasoned report and will adopt his recommendation. I briefly add a few points to respond to the arguments the County raises in its objection.

    *a. Standard*

The Lanham Act provides that a court may award "reasonable attorney fees to the prevailing party" in "exceptional cases." 15 U.S.C. § 11107(a). The Act, however, does not define what is meant by an "exceptional case." *See Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 314 (3d Cir. 2014). The Supreme Court, however, recently interpreted an identical provision in the Patent Act (35 U.S.C. § 285). There, the Supreme Court gave the word "exceptional" its ordinary meaning: "uncommon, rare, or not ordinary." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1756 (2014). It rejected earlier, narrower case law that had required a showing of culpable conduct. *Id.*

The Third Circuit has held squarely that the patent-law holding of *Octane Fitness* applies equally to a trademark case and has elaborated on the Supreme Court's definition of an "exceptional" case. *Fair Wind*, 764 F.3d at 314–15. *Fair Wind* holds that a case is exceptional if it meets either of two criteria: 1) "There is an unusual discrepancy in the merits of the positions taken by the parties," or 2) "the losing party has litigated the case in an unreasonable manner."

Judge Hammer rested his recommendation on the first, "unusual discrepancy" prong of *Fair Wind*.

      b. *Application of the* Fair Wind *standard to this case*

Judge Hammer held that there was an unusual discrepancy in the merits of the positions taken by the parties. I agree.

To begin with, the U.S. Patent and Trademark Office twice denied the County's request to obtain protection for its Seal as a registered trademark. (Opinion, 9) That rejection was based on a clear statutory command. The Lanham Act provides that no trademark can be registered if it consists of the "insignia...of any State or municipality." Lanham Act Section 2(b), 15 U.S.C. § 1052(b). The New Jersey state trademark statute contains a similarly clear prohibition: A mark "shall not be registered if it...(c) consists of or comprises the...insignia of...any state or municipality." N.J. STAT. ANN. 56:3-13.2. Renna asserted that the mark could not be registered, which is plainly correct. The County, in its cease and desist letter and elsewhere, asserted that it could, which is plainly incorrect. As a matter of plain statutory language, there is an unusually large discrepancy between the merits of Renna and the County's positions.

The County did make one colorable argument in favor of trademark protection. It argued that, even if its Seal cannot be registered, it is still eligible for protection as an unregistered mark. I ruled to the contrary. (Opinion, 15) The County's argument on this point, however, at least had a tinge of plausibility (*i.e.,* it was not definitively ruled out by plain statutory language).

But a party's position, to expose it to an award of attorneys' fees, need not be wholly meritless or frivolous. Rather, *Fair Wind* speaks to "an unusual discrepancy in the merits of the positions taken by the parties." 764 F.3d at 315. I interpret that language to allow for the possibility that the losing side's position might have some small amount of merit. Support for that interpretation may be found in *Octane Fitness, supra,* in which the Supreme Court rejected a definition of "exceptional" that included, among other

5

elements, an "objectively baseless" position. 134 S.Ct. at 1756. Instead, the Court said that a case that was "exceptionally meritless...may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* I do not read that language to mean that a party can avoid attorneys' fees because its argument has a sliver of merit. A case that is of exceptionally little merit may expose a party to an award of attorneys' fees.

Here, the County argued that the Seal could be protected as an unregistered mark; Renna argued that it could not. The discrepancy between the merits of those two positions is great enough to justify an award of attorneys' fees.

The County was not able to cite me any case (whether or not involving public insignia) in which an "unregistrable mark nevertheless has been afforded protection under Section 43(a)." (Opinion, 14) As I read the case law, "a mark is not denied registration under Section 2 because of some quirk in the registration process; it is deemed unregistrable because it is not a suitable, protectable mark." *Id.* And the courts, including the U.S. Supreme Court, have indeed used the Section 2 criteria for registrability to determine whether an unregistered mark is eligible for protection under Section 43. (*Id.* at 14-15).

The evident purpose of the ban on registration of public symbols is to preserve them for the use of the public. They are not fit subjects for trademark law, which is designed to prevent marketplace confusion as to the source of goods or services. Public insignia have other, very different purposes.[2]

Even if the County had persuaded me that its Seal could be protected as an unregistered mark, it would have faced at least one more barrier. To constitute infringement, the use of a mark must be for a commercial purpose, *i.e.*, the mark must be used "in connection with the sale, offering for sale, distribution, or advertising of any good or service." 15 U.S.C. § 1114(1)(a). I saw no evidence that Renna was using the Seal for any such commercial purpose.

---

[2] As in my summary judgment opinion, I here set aside the issue of a person's *deceptive* misuse of official insignia. (Op., 18)

Therefore, I find that the County's argument that its Seal could be protected as an unregistered mark did not rise to the minimal level of merit that would preclude an award of attorneys' fees.

### c. *Appropriateness of awarding fees to a prevailing plaintiff*

Renna filed this case as plaintiff. The County argues that awarding fees to a prevailing plaintiff is incongruous, because it is atypical of trademark cases. (County Obj., 3–7) I disagree.

In the usual plaintiff-versus-defendant scenario, where the trademark holder sues a competitor for infringement, the County might have a small point. That is, a defendant dragged into court for alleged infringement might be entitled to an unfettered opportunity to put the plaintiff to her proofs. As the County points out, courts who award fees typically award them to a defendant who defeated an allegation of infringement.

This, however, is a declaratory judgment action. In a declaratory judgment action, a party's designation as plaintiff or defendant can be arbitrary or even misleading. Here, the plaintiff is the alleged infringer, and the defendant is the alleged trademark owner.

True, the County did not file this action. It was, however, the aggressor: it sent a cease and desist letters with respect to Renna's use of the seal. Renna's counsel replied, stating *inter alia* that the Seal was not registrable and did not implicate commercial activity. Counsel for the County replied with a second letter that very misleadingly implied that the trademark was now registered (in fact it had been rejected). That letter also falsely implied that Renna might face criminal prosecution if she continued to use the County Seal. (Opinion, 5–7, 10–11, 11–12) The County's threats seemingly intimidated the television station, which demanded an agreement of indemnity as a condition of continuing to carry Renna's program. Under those circumstances, Renna was not required to continue her alleged infringement (assuming the station would have permitted it) and wait for the County to sue her.

The County argues that its pre-litigation conduct should not be considered in deciding a motion for attorneys' fees. I disagree. The Third Circuit has explained that culpable conduct, while not required, may contribute to a case's being considered "exceptional." *Fair Wind*, 764 F.3d at 315 ("The losing party's blameworthiness may well play a role in a district court's analysis of the 'exceptionality' of a case,"). In addition, the Supreme Court has emphasized that courts should consider the totality of the circumstances in deciding whether to award attorneys' fees. *Octane Fitness*, 134 S.Ct. at 1756 ("District courts may determine whether a case is exceptional in the case-by-case exercise of their discretion, considering the totality of the circumstances."). Surely the relevant "circumstances" would include the events related in the complaint. This declaratory action was a direct result of the County's baseless threats in its letters. Indeed, the very purpose of a cease-and-desist letter is to set the scene for litigation if the recipient does not obey.

Finally, I note that virtually no facts were in dispute; the dispositive issues were legal ones. (*See* Opinion, 3 ("The facts are largely undisputed.")). There was not much question as to whether the plaintiff could marshal evidence to prove the facts she was asserting. Indeed, many of the relevant facts were stated or implied in the County's own letters. The County's defense was limited to assertion of its erroneous legal position.

For several reasons, then, I reject the argument that an award of attorneys' fees would not be proper because the County is a defendant.

## II. Remaining Lanham Act holdings

The parties have not objected to the other elements of Judge Hammer's Lanham Act holdings: that counsel's hourly rates are reasonable (R&R, 17–18); that the time counsel spent preparing the complaint and the summary judgment motion were reasonable (R&R, 18–19); that the time counsel reported expending in preparing its attorneys' fee motion should be reduced by approximately one-half (*Id.* at 20–22); and that costs should be awarded (*Id.* at

8

23). I agree with those findings and recommendations and will adopt them in full.

### III. Fees under the Civil Rights Act

In her objection, Renna challenges Judge Hammer's determination that attorneys' fees are not independently recoverable under the Civil Rights Act, 42 U.S.C. § 1988. (R&R, 9–11) She asserts that objection, however, only in the alternative. Because I have upheld the award of attorneys' fees under the Lanham Act, the issue under the Civil Rights Act is moot. *See* Renna Obj., 3 n. 1 ("The Plaintiff argues only that, should the District Court uphold the objection to the recommendation that counsel fees should be paid to the Plaintiff under 15 U.S.C. § 1117(a), the $39,535 is properly awarded as fees under § 1988(b)."). I therefore make no ruling on whether Renna could have recovered fees under 42 U.S.C. § 1988 if she had not received them under the Lanham Act.

### **Conclusion**

I will adopt Judge Hammer's Report and Recommendation with respect to the award of fees of $39,535.00, plus cots of $550.65 under the Lanham Act. A separate order will issue.

Dated: April 21, 2015
Newark, New Jersey

_____
**KEVIN MCNULTY**
**United States District Judge**